**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 02-2201**

MELVIS TABE-EBOB,

Petitioner,

versus

JOHN ASHCROFT, U.S. Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A79-476-243)

Submitted: July 29, 2003          Decided: August 12, 2003

Before WIDENER, WILLIAMS, and SHEDD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Danielle L. C. Beach-Oswald, NOTO & OSWALD, P.C., Washington, D.C., for Petitioner. Paul J. McNulty, United States Attorney, S. Kathleen Pepper, Special Assistant United States Attorney, Alexandria, Virginia, for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Melvis Tabe-Ebob petitions for review of an order of the Board of Immigration Appeals ("Board") finding that she failed to establish exceptional circumstances warranting the immigration judge to reopen the removal proceedings. Tabe-Ebob contends: (1) she established that her failure to appear was due to exceptional circumstances and (2) the immigration judge erred by finding she did not submit an affidavit. Finding no reversible error, we affirm.

This Court's review of the Board's denial of a motion to reopen is extremely deferential, and the decision will not be reversed absent abuse of discretion. Stewart v. INS, 181 F.3d 587, 595 (4th Cir. 1999). Motions to reopen are disfavored. INS v. Doherty, 502 U.S. 314, 323 (1992); 8 C.F.R. § 1003.2(c) (2003). We find the BIA did not abuse its discretion in finding that Tabe-Ebob failed to establish exceptional circumstances warranting granting a motion to reopen. See 8 U.S.C. § 1229a(b)(5)(C)(i), (e)(1) (2000). Assuming, arguendo, that the immigration judge erred regarding the affidavit, this Court reviews only the Board's findings. The Board has the authority to make its own findings. Rusu v. INS, 296 F.3d 316, 320 n.6 (4th Cir. 2002). Here, the Board made an independent finding as to Tabe-Ebob's allegations in the motion to reopen.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>

3